UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SDM HOLDINGS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No.: 09-CIV-0969-R |
| REASSURE AMERICA LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

### PLAINTIFF'S REPLY IN SUPPORT OF
### MOTION TO ENFORCE SETTLEMENT AGREEMENT

In its response to SDM's Motion to Enforce Settlement Agreement, Reassure acknowledges that the parties agreed on the essential terms of the settlement agreement regarding the amount of the settlement payment and dismissal of the lawsuit. However, Reassure failed to demonstrate any agreement by the SDM to the terms of the one-sided release proposed by Reassure. The fact remains that Reassure contemplated SDM would execute a release in its favor while SDM contemplated that the parties would execute mutual releases. But the parties did not discuss, much less agree upon, the terms of the releases when they made their settlement agreement. Further, if Reassure had informed SDM that Reassure would refuse to execute a release of its claims against SDM, SDM would not have agreed to the settlement.

This litigation did not involve only claims by SDM against Reassure. To the contrary, Reassure brought suit against SDM. Although the Court dismissed Reassure's claims without prejudice, SDM did not agree, and would not have agreed, to release

1

Reassure without a reciprocal release from Reassure. The entire purpose of the settlement was to end the litigation between the parties regarding the Policies. SDM did not, and will not, agree to compromise its claims while leaving open the possibility that Reassure might attempt to assert any type of claim against SDM in connection with the Policies.

In its response, Reassure attempts to paint a cursory email exchange between counsel on April 9th, after the parties reached their settlement agreement, as an agreement by SDM to execute the unilateral release Reassure sent SDM three (3) weeks later. As stated above, SDM contemplated the parties would each sign a release in favor of the other. When Reassure's counsel asked who would sign the release on behalf of SDM, SDM's counsel assumed that Reassure would be drafting a reciprocal release for the parties to execute. SDM did not agree in the brief exchange of emails on April 9th to the terms of the release proposed by Reassure on May 1, 2013.

Reassure also asks the Court to order SDM to execute an 8-page document containing, among numerous other terms requested by Reassure after the parties made their settlement agreement, a broad release in favor of Reassure. As sole authority for its request, Reassure relies on an Oklahoma court of appeals case, *Coulter v. Carewell Corp. of Oklahoma*, 21 P.3d 1078, 2001 OK CIV APP 36. Unlike the instant matter, *Coulter* did not involve cross-claims by the parties. *Coulter* involved a single claim brought by the plaintiff against a nursing home. And unlike the present case, the defendant had not asserted any claims against the plaintiff. Thus, their settlement did not require releases by both parties. Additionally, the court's decision in *Coulter* was based on its conclusion

that the release did not alter the terms of the settlement and that the plaintiff would rather settle than have the case proceed to trial. *Coulter*, at 1083. That is not true in the present case. SDM would not have agreed to the settlement if Reassure had conditioned it on SDM's execution of a release without a reciprocal release from Reassure. The release proposed by Reassure alters the settlement because it proposes new terms to the agreement that are unacceptable to SDM. And, unlike the plaintiff in *Coulter*, SDM would rather proceed to trial than execute the one-sided release proposed by Reassure.

To the extent *Coulter* has any application here, its holding would also require Reassure to execute a release of any claims that it has asserted or may assert against SDM in connection with the Policies. SDM agreed to compromise its claims for one reason: to resolve all litigation regarding any claims in connection with the Policies. Thus, applying the rationale of *Coulter*, Reassure's agreement to settle the claims between the parties carried with it an implied obligation to execute a release of any claims Reassure has or might assert against SDM relating to the Policies. Further, SDM's compromise of its claims provides ample consideration for Reassure's release.

Finally, Reassure argues that because its claims were dismissed without prejudice, it "did not believe there were any pending claims from which it could release SDM." *See* Reply, p. 2. This argument ignores the fact that the release proposed by Reassure would have SDM release not only pending claims, but any claims "whether fixed or contingent, known or unknown, matured or unmatured, foreseen or unforeseen, and whether or not yet accrued or asserted, which the SDM Releasors ever had, now have or hereafter can,

shall or may have for, upon or by reason of any matter, cause or thing arising from or relating to the Policies or the Litigation…." *See* Exhibit 1 to Response to Motion to Enforce Settlement Agreement, pp. 2, 3.  Clearly, Reassure believes that SDM can appropriately release Reassure from claims that were not pending when the parties made their settlement agreement on April 8th.  Thus, Reassure's argument that it cannot release SDM from any and all such claims, whether pending or not, makes no sense.

SDM agreed to accept $105,000 from Reassure in settlement of all claims in this litigation.  SDM did not agree to execute a broad release of any and all claims that it has asserted, or may assert, without the same release from Reassure.  There was no meeting of the minds with regard to the terms of any releases.  Nonetheless, the settlement can be enforced by the Court.  The essential terms of the settlement agreement regarding payment amount and dismissal of the litigation were agreed to by the parties.  While a written settlement agreement with mutual releases would be ideal, the settlement can be effected by payment and dismissal of the litigation.

WHEREFORE, SDM Holdings, LLC respectfully requests the Court to (1) order Reassure America Life Insurance Company to remit payment in the amount of $105,000 to SDM Holdings, LLC and its counsel within five (5) days of the Court's order; and (2) dismiss this matter, and claims asserted by the parties herein, with prejudice to refilling after notice to the Court that the settlement payment has been paid in full.  In the alternative, SDM Holdings, LLC requests the Court set the matter for trial.

Respectfully submitted,

s/ *Shannon K. Emmons*
Melvin R. McVay, Jr. OBA#6096
Shannon K. Emmons, OBA#14272
Catherine L. Campbell, OBA#14689
PHILLIPS MURRAH P.C.
13th Floor | Corporate Tower
101 N. Robinson
Oklahoma City, OK 73102
Telephone:  (405) 235-4100
Facsimile:  (405) 235-4133
mrmcvay@phillipsmurrah.com
skemmons@phillipsmurrah.com
clcampbell@phillipsmurrah.com

***Attorneys for Plaintiff SDM Holdings, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th the day of July, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

| | |
|---|---|
| Lawrence R. Scheetz | lawrence.scheetz@dbr.com |
| Stephen C. Baker | stephen.baker@dbr.com |
| Robert J. Mancuso | robert.mancuso@dbr.com |
| Larry D. Ottaway | larryottaway@oklahomacounsel.com |
| Amy Sherry Fisher | amyfischer@oklahomacounsel.com |
| Andrew M. Bowman | andrewbowman@oklahomacounsel.com |

s/ *Shannon K. Emmons*

00754819.DOCX